MEMORANDUM *
Doria King appeals the district court’s decision affirming the Commissioner of Social Security’s denial of King’s application for Supplemental Security Income under Title XVI of the Social Security Act. We have jurisdiction under 28 U.S.C. § 1291, and we affirm. Substantial evidence supported the denial of benefits.
1. The ALJ did not have any duty to recontact Dr. Hirokawa to clarify any inadequacies in Dr. Hirokawa’s report. The ALJ relied on parts of Dr. Hirokawa’s report when she assessed King’s residual functional capacity and, “with support in the record, found the evidence adequate to make a determination regarding [King’s] disability.” See Bayliss v. Barnhart, 427 F.3d 1211, 1217 (9th Cir.2005). The record does not show that Dr. Hirokawa’s report was inadequate or incomplete. 20 C.F.R. § 416.919p(b) provides that, only if a physician’s “report is inadequate or in *210 complete ... will [the ALJ] contact the medical source who performed the consultative examination ... and ask that the medical source furnish the missing information or prepare a revised report.” Thus, “the ALJ did not have a duty to recontact” Dr. Hirokawa. See Bayliss, 427 F.3d at 1217.
2. The ALJ properly rejected part of Dr. Hirokawa’s report. See Valentine v. Comm’r of Soc. Sec. Admin., 574 F.3d 685, 691 (9th Cir.2009). Additionally, the ALJ provided clear and convincing reasons for rejecting part of the report. The ALJ rejected Dr. Hirokawa’s mild to moderate limitations because (1) they were too vague to be useful, and (2) the absence of mental health treatment records meant there was no treating basis for moderate limitations. See Johnson v. Shalala, 60 F.3d 1428, 1434 (9th Cir.1995).
3. King waived the argument that Dr. Lucila’s opinion cleared up any vagueness found in Dr. Hirokawa’s report, because King did not raise that argument before the district court. See Greger v. Barnhart, 464 F.3d 968, 973 (9th Cir.2006).
4. King also waived the argument that the ALJ had an obligation to properly consider the medical opinions of Dr. Luci-la, because King did not raise that argument before the district court. See id.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.